Irving H. Saypol, J.
Defendant Budinger moves for dismissal of the amended complaint for legal insufficiency. Plaintiff alleges that William A. White & Sons, Inc., was designated by United Engineering Trustees, Inc., as its exclusive broker and that plaintiff was engaged by William A. White & Sons, Inc., with the knowledge and consent of United Engineering Trustees, Inc., and upon the understanding among the parties that if plaintiff was the procuring agent, it was to be paid a brokerage commission by United Engineering Trustees, Inc., in addition to brokerage commission payable by United Engineering Trustees, Inc., to William A. White & Sons, Inc., and that such commissions were payable ‘ ‘ in case of a sale of said premises ’ ’.
It is further alleged that the plaintiff proceeded to procure a purchaser of the premises and did procure the defendant Budinger, who engaged in a contract for the purchase of the premises through his corporation, Develop Bealty Corp. In the second cause of action, it is alleged, in addition, defendant Budinger insisted that there be included in the contract the following provision:
1 ‘ twelfth ; The purchaser represents to the seller, and as part of the consideration for the execution by the seller of this agreement, that norman sachs was the person who brought about this sale.
1 ‘ Without limiting or impairing the effect of the foregoing, the seller and purchaser both acknowledge that Norman Sachs, who has negotiated with the seller from time to time, has represented solely the purchaser in such negotiations, and purchaser hereby assumes all responsibility and liability to said Norman Sachs for all claims, commissions, compensation or damages to which the said Norman Sachs or any person or persons ' connected with or associated with or employed by bi-rn may be entitled by reason of such negotiation and/or of this transaction, and all indemnities in seller’s favor under this clause ‘ twelfth ’ shall be fully applicable thereto.”
*193 The representation was false and known to be false and was intended that defendant United Engineering Trustees, Inc., rely thereon and it did rely thereon, and as a result thereof defendant United Engineering Trustees, Inc., has refused to make payment to the plaintiff.
Defendant urges that the closing of title and delivery of deed are conditions precedent to recovery by the plaintiff and that the closing of title and delivery of deed are not set forth. The court is not concerned with what the proof will show the fact to be since the allegation is that plaintiff was engaged to produce a sale of the premises and that commissions were payable upon the sale thereof. For this purpose, the allegation that defendant United Engineering Trustees, Inc., engaged in a contract with the corporation of the individual defendant is sufficient. It is not the performance of that contract of which plaintiff complains but rather defendant Eudinger’s interference with the performance of the commission contract on United’s part. Defendant also urges that the cause of action is derivative and since the plaintiff broker has no cause of action against the seller, he can have no cause of action against another for conspiring with the seller to deprive him of commissions.
As already indicated, the claim which plaintiff asserts is made sufficient by the allegation that the sale by contract, which plaintiff was employed to procure, was, in fact, obtained. The motion is denied.